# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2483

_____

Savoil King, for themselves and all Arkansas residents similarly situated; Dorothy King, for themselves and all Arkansas residents similarly situated

*Plaintiffs - Appellants*

v.

Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.; Ocwen Loan Servicing, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 7, 2016
Filed: May 27, 2016
[Unpublished]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Savoil King and Dorothy King appeal from an adverse final judgment. The sole issue they raise on appeal is whether the district court erred in dismissing their unjust-enrichment claim under Arkansas law, which they asserted against mortgage

loan servicers Homeward Residential, Inc., and Ocwen Loan Servicing, LLC (the loan servicers).

In support of their unjust-enrichment claim, the Kings alleged that they consistently had maintained hazard insurance on their home, as required by their mortgage contract; that they had informed the loan servicers of this coverage, as required by the mortgage contract; that the loan servicers had force-placed additional hazard insurance on their home at artificially high rates; and that the loan servicers or their affiliates unduly had profited at the Kings' expense from this additional force-placed hazard insurance. In an interlocutory order, the district court dismissed the Kings' unjust-enrichment claim, applying the general rule that an unjust-enrichment claim is not available when an express written contract exists. After further proceedings that ultimately led to the adverse final judgment, the Kings filed a timely notice of appeal that designated the final judgment and brought up for review the dismissal of their unjust-enrichment claim. *See Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir. 2001) (ordinarily notice of appeal specifying final judgment brings up for review all orders that led up to and served as predicate for final judgment).

Upon careful de novo review, we conclude that the district court erred in dismissing the Kings' unjust-enrichment claim against the loan servicers. *See Plymouth Cty. v. Merscorp, Inc.*, 774 F.3d 1155, 1158 (8th Cir. 2014) (Fed. R. Civ. P. 12(b)(6) dismissal is reviewed de novo). We conclude that the Kings stated an unjust-enrichment claim under Arkansas law and that their allegations adequately established that the claim was not inconsistent with the contract at issue. *See United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 605-09 (8th Cir. 1999) (affirming award based on unjust-enrichment theory in case involving Arkansas law; noting general rule that unjust enrichment is not an available means of recovery when there is express contract between parties, but concluding that exception to general rule was properly applied where there was no inconsistency between unjust-

-2-

enrichment recovery and what contract provided); *see also Campbell v. Asbury Auto. Inc.*, 381 S.W.3d 21, 36-38 (Ark. 2011) (to find unjust enrichment, party must have received something of value, to which he or she is not entitled and which he or she must restore; there must also be some operative act, intent, or situation to make enrichment unjust and compensable; reversing grant of summary judgment that was based on existence of contract between parties; discussing exception to general rule and citing *Applied Pharmacy Consultants*).

Accordingly, we vacate the district court's dismissal of the Kings' unjust-enrichment claim, and we remand this case to the district court for further proceedings.

_____